## In re INSURANCE BROKERAGE ANTITRUST LITIGATION

### No. 1663.

Judicial Panel on Multidistrict Litigation.

Feb. 17, 2005.

**1372**

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel

### TRANSFER ORDER

This litigation currently consists of four actions listed on the attached Schedule A and pending in four districts as follows: one action each in the District of New Jersey, the Eastern and Southern Districts of New York, and the Eastern District of Pennsylvania.[1] Pursuant to 28 U.S.C. § 1407, plaintiff in the Eastern District of Pennsylvania action moves for centralization of this docket in its Pennsylvania district. While certain responding defendants named in only one of the constituent actions oppose transfer on the ground that transfer for them would be inefficient and/or would hinder their opportunity to secure a speedy dismissal of the claims against them, the overwhelming majority of responding parties either agree upon or do not oppose centralization. The principal disagreement among these parties involves the selection of transferee district. Additional suggested transferee forums include the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Illinois, the Eastern District of Missouri, and the Western District of Tennessee.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of

New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are purported class actions involving allegations that common defendants and/or their alleged co-conspirators have engaged in a combination and conspiracy to affect the sale of insurance sold in the United States by rigging bids and allocating customers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

To those defendants opposing transfer because they wish to litigate the arguably narrower or more questionable claims against them without entanglement in a litigation that they consider to be much broader in scope, we point out that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. We observe that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (Jud. Pan.Mult.Lit.1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to a just and expeditious resolution of the actions to the benefit of not just some but all of the litigation's parties. As Section 1407 proceedings evolve in the transferee district, these de-

---

1. The Panel has been notified of additional related actions recently filed in the Northern District of California, the Northern District of Illinois, the District of New Jersey, the Southern District of New York, the Eastern District of Pennsylvania, and the Western District of

Tennessee. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

fendants may at some point wish to renew their arguments that the uniqueness or simplicity of the claims against them renders continued inclusion of those claims in MDL–1663 unnecessary or inadvisable. We point out that they then will be free to approach the transferee judge for a suggestion of remand, and that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436–38.

In concluding that the District of New Jersey is an appropriate forum for this docket, we note that i) the district offers an accessible metropolitan location that is geographically convenient for many of this docket's litigants and counsel; and ii) the district is equipped with the resources that this complex antitrust docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to that district and, with the consent of that court, assigned to the Honorable Faith S. Hochberg for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

## SCHEDULE A

*MDL–1663—In re Insurance Brokerage Antitrust Litigation*

*District of New Jersey*

QLM Associates, Inc. v. Marsh & McLennan Companies, Inc., et al., C.A. No. 2:04–5184

*Eastern District of New York*

Accent On Eyes Corp. v. Marsh & McLennan Companies, Inc., et al., C.A. No. 2:04–4535

*Southern District of New York*

Opticare Health Systems, Inc. v. Marsh & McLennan Companies, Inc., et al., C.A. No. 1:04–6954

*Eastern District of Pennsylvania*

Eagle Creek, Inc. v. ACE INA Holdings, et al., C.A. No. 2:04–5255