### In re ACE LIMITED SECURITIES LITIGATION

**John Mahaney, Jr. v. Ace Limited, et al., S.D. New York, C.A. No. 1:04–7696**

**Steven Burda v. Ace Limited, et al., S.D. New York, C.A. No. 1:04–8335**

**Thomas E. Barton v. Ace Limited, et al., S.D. New York, C.A. No. 1:04–8683**

**Friends of Ariel Center for Policy Research v. Ace Limited, et al., E.D. Pennsylvania, C.A. No. 2:04–4907**

**No. MDL 1675.**

Judicial Panel on Multidistrict Litigation.

May 2, 2005.

Alice M. Peterson, Edward C. Jouillian III and Guy A. Osborn.

**1354**

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

*TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of three actions pending in the Southern District of New York and one action pending in the Eastern District of Pennsylvania. Common defendant ACE Limited (ACE) and five individual defendants employed by ACE and/or ACE affiliates move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of Pennsylvania. No party opposes centralization. Plaintiff in one Southern District of New York action has proposed an alternative transferee forum, the District of New Jersey, which is where the Panel recently centralized another docket involving ACE, MDL–1663, *In re Insurance Brokerage Antitrust Litigation,* 360 F.Supp.2d 1371 (Jud.Pan. Mult.Lit.2005).

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the East-

ern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each action i) is a putative class action brought on behalf of purchasers of ACE securities, and ii) involves allegations that ACE and the individual defendants failed to disclose that ACE was participating in an unsustainable business scheme (whereby the company agreed to pay illicit "contingent commissions" to purportedly independent insurance brokers in order to steer customers to ACE and create artificial demand for its insurance products). Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the Eastern District of Pennsylvania is an appropriate transferee forum for this docket. We note that i) the district is the only suggested forum where a constituent action is already pending; ii) centralization in the Pennsylvania forum permits the Panel to effect the Section 1407 assignment to an accessible metropolitan court that possesses the necessary resources and expertise to be able to devote the time and effort to pretrial matters that this docket is likely to require; and iii) to the extent that any coordination with the pretrial proceedings in MDL–1663 is deemed advisable, the Pennsylvania district's location adjacent to the MDL–1663 transferee district will be convenient.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the three actions in this litigation pending in the Southern District of New York are transferred to the Eastern District of Pennsyl-

vania and, with the consent of that court, assigned to the Honorable Timothy J. Savage for coordinated or consolidated pretrial proceedings with the action pending in that district.